HON. THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

VAN CARTER,

        Plaintiff,

   v.

HAGENS BERMAN SOBOL SHAPIRO, LLP, and STEVE W. BERMAN,

        Defendants.

Case No. 2:17-cv-00436-TSZ

**FIRST AMENDED COMPLAINT**

COMES NOW plaintiff, by and through his counsel of record, Terry A. Venneberg, and do state and allege by way of this First Amended Complaint as follows:

*<u>PARTIES</u>*

1. Plaintiff Van Carter is a citizen and resident of the State of Ohio over the age of 18 years, is qualified and competent to bring this action, and has the capacity to sue and to be sued.

2. Defendant Hagens Berman Sobol Shapiro, LLP, is an active limited liability partnership organized and registered under the laws of the State of Washington, is a

FIRST AMENDED COMPLAINT - 1
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington 98332
(253) 858-6601

citizen of the State of Washington, has its principal place of business in the State of Washington, and has the capacity to sue and to be sued.

3. Defendant Steve W. Berman is a citizen and resident of the State of Washington, is the managing partner and a governor of defendant Hagens Berman Sobol Shapiro, LLP, is over the age of 18 years, and has the capacity to sue and to be sued.

## *JURISDICTION AND VENUE*

4. Jurisdiction is proper in this court under provisions of 28 U.S.C. § 1332 as there is a diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

5. Venue is proper within this District under provisions of 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred within the Western District of Washington.  Venue in this case was transferred to this District from the Northern District of Ohio, under provisions of 28 U.S.C. § 1404(a).

## *FACTS*

6. On or about December 15, 2012, plaintiff Van Carter (hereinafter "Carter") and defendant Hagens Berman Sobol Shapiro, LLP (hereinafter "Hagens Berman") entered into a written employment contract, which is attached hereto as Exhibit A.

7. The contract served to memorialize the terms under which Carter would be employed as "Of Counsel" by Hagens Berman, beginning on January 1, 2013.  The "primary responsibility" to be assumed by Carter as "Of Counsel" to Hagens Berman was to be "work with clients for the prosecution of claims against General Electric arising out of the Fukushima nuclear incident of March 2011."  The

FIRST AMENDED COMPLAINT - 2
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington  98332
(253) 858-6601

contract also "encouraged (Carter) to identify potential causes of actions arising from unrelated matters."

8. In addition to setting out the duties and responsibilities of the parties, the contract included provisions concerning compensation to be paid to Carter. The contract provided that "Your base salary will be $225,000 per annum commencing upon the start date of your employment as set forth above," which was to be January 1, 2013. The contract also provided that the "minimum term" of the contract was to be "12 months even if the firm declines to serve as counsel in (the GE) matter or the potential clients decline to accept our firm as legal counsel on the GE matter."

9. Prior to January 1, 2013, but after entering into the December 15, 2012 contract with Carter attached hereto as Exhibit A, Hagens Berman made the decision that it would decline to serve as counsel in the prosecution of claims against General Electric arising out of the Fukushima nuclear incident of March 2011.

10. Following the decision by Hagens Berman not to serve as counsel in the General Electric matter described above, defendant Steve V. Berman (hereinafter "Berman") indicated an intention to Carter to disavow the December 15, 2012 employment contract between Carter and Hagens Berman. Notwithstanding this indication by Berman, Carter and Hagens Berman continued the process of completing the work necessary for Carter to join Hagens Berman as "Of Counsel" on January 1, 2013, as provided in the employment contract referenced above, including providing Carter with business cards and a laptop computer so he could assume his duties and responsibilities with the firm.

FIRST AMENDED COMPLAINT - 3
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington 98332
(253) 858-6601

11. On January 1, 2013, by operation of the contract between Carter and Hagens Berman which is attached hereto as Exhibit A, Carter joined Hagens Berman as "Of Counsel."

12. The December 15, 2012 employment contract attached hereto as Exhibit A provided that, "Although, as indicated above, our firm is agreeing to a minimum term for this agreement of twelve months, at your election, you may resign your position as Of Counsel by providing written notice to our firm of your resignation, in which event all of the economic benefits under this agreement will be grossed up and paid to you."

13. On January 2, 2013, based on indications by Berman seeking to disavow the employment relationship that was established by the December 15, 2012 employment contract between Carter and Hagens Berman, Carter gave written notice of his resignation as "Of Counsel" with Hagens Berman. Under terms of the December 15, 2012 employment contract, upon that written notice, the entirety of the "economic benefits" provided for under the agreement, which consisted of the $225,000 per annum salary, as well as the value of employee benefits to be provided to Carter during the twelve month period of the contract, were to have been "grossed up" and paid to Carter.

14. Carter requested that Hagens Berman pay to him the "grossed up … economic benefits" of the December 15, 2012 agreement upon his resignation, pursuant to provisions of the contract between Carter and Hagens Berman attached hereto as Exhibit A. On behalf of Hagens Berman, Berman refused to make the payment of "grossed up… economic benefits" owed to Carter, thereby breaching the contract referenced above.

FIRST AMENDED COMPLAINT - 4
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington 98332
(253) 858-6601

## CAUSES OF ACTION

### I. Breach of Contract

15. Paragraphs 1 through 14 as set out above are incorporated by reference herein.

16. By failing to pay the "grossed up … economic benefits" provided by the December 15, 2012 agreement attached hereto as Exhibit A to Carter upon written notice of his resignation, Hagens Berman breached its contract with Carter.

17. As a direct and proximate result of said breach, Carter has incurred economic damages in an amount to be proved at trial, but in any event exceeding $75,000.00.

### II. Violation of RCW 49.48.010

18. Paragraphs 1 through 17 as set out above are incorporated by reference herein.

19. RCW 49.48.010 provides in pertinent part that, "When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him at the end of the established pay period."

20. Hagens Berman violated RCW 49.48.010 when it failed to pay Carter the wages due to him upon his written notice of resignation, as was provided for in the December 15, 2012 employment contract attached hereto as Exhibit A.

21. As a direct and proximate result of said violation of law, Carter has incurred economic damages in an amount to be proved at trial, but in any event exceeding $75,000.00.

### III. Violation of RCW 49.52.050

22. Paragraphs 1 through 21 as set out above are incorporated by reference herein.

23. RCW 49.52.050 provides in pertinent part that, "Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or

FIRST AMENDED COMPLAINT - 5
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington 98332
(253) 858-6601

an elected public official, who… (2) willfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract… Shall be guilty of a misdemeanor."

24. RCW 49.52.070 provides in pertinent part that, "Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050(1) and (2) shall be liable in a civil action by the aggrieved employee … for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees…"

25. By willfully, and with intent to deprive, failing to pay Carter the wages owed to him under the December 15, 2012 employment contract attached hereto as Exhibit A upon his written notice of resignation, Hagens Berman, as Carter's employer, and Berman, as an officer and agent of Hagens Berman, violated RCW 49.52.050. Under 49.52.070, Hagens Berman and Berman are liable to Carter for twice the amount of wages withheld from Carter by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees, in an amount to be proven at trial, but in any event exceeding $75,000.00.

FIRST AMENDED COMPLAINT - 6
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington 98332
(253) 858-6601

WHEREFORE plaintiff prays for the following relief to be granted:

1. That plaintiff be awarded damages against defendants for economic losses in an amount to be proven at trial, but in any event exceeding $75,000.00

2. That exemplary damages be assessed against defendants for violation of RCW 49.52.050, pursuant to provisions of RCW 49.52.070, in an amount to be proven at trial, but in any event exceeding $75,000.00

3. That plaintiff be awarded costs, interest and attorneys' fees, as provided by applicable law, including, but not limited to, RCW 49.48.030, and RCW 49.52.070.

4. That such and other further relief as this court may deem appropriate be granted.

DATED this 17th day of May, 2017.

    /s/ Terry A. Venneberg
Terry A. Venneberg
Attorney for Plaintiff
WSBA No. 31348
3425 Harborview Drive
Gig Harbor, Washington  98332
Telephone:  (253) 858-6601
Fax: (253) 858-6603
E-Mail: terry@washemploymentlaw.com

FIRST AMENDED COMPLAINT - 7
Case No. 2:17-cv-00436-TSZ

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington  98332
(253) 858-6601

T 206.623.7292   206.623.0594



Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
Direct (206) 268-9320
steve@hbsslaw.com

December 15, 2012

Van P. Carter
2117 Edgeview Drive
Hudson, OH 44236

Re: Confirmation of Terms of Employment

Dear Van:

I am writing to confirm the agreement that we have reached concerning your affiliation with our firm. Please read this letter carefully. If it accurately summarizes the agreement that we have reached, please sign a copy, retain this document for your files, and return your executed copy to me for our files. This agreement will become effective upon your acceptance of this letter or such other date as we may mutually designate.

If you have questions or comments concerning this letter, please let me know.

**General Terms**

You will join our firm with the designation "Of Counsel," and it is anticipated that your start date with our firm will be on or about January 1, 2013. Your primary responsibility will be to work with clients for the prosecution of claims against General Electric arising out of the Fukushima nuclear incident of March 2011. In this context, you will also be the primary liaison in Japan, including liaison with clients, prospective clients, Japanese legal counsel, Government officials, NGO's and media. We will, of course, work with you to develop such marketing materials as you feel are necessary and appropriate to secure support in Japan.

You are also encouraged to identify potential causes of action arising from unrelated matters.

In your capacity as "Of Counsel," you will be provided with the usual and customary infrastructure and support services, including, but not limited to, secretarial support, an office at a mutually acceptable location from our existing office locations at which you may work, etc.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010325-11 570644 V1

Van Carter
December 15, 2012
Page 2

You will have the same benefits as are provided by the firm to its other Of Counsel and full time employees. For further details, you may direct your questions to Heather Enoki.

While I, as the Managing Partner and lead counsel, will make the final decision as to litigation strategy, the form and content of pleadings, motions, and briefs, your input on these matters is encouraged and invited. Of course, you will be provided with access to all filings in draft in order that you may review them and offer comments and recommendations.

## Compensation

Your base salary will be $225,000 per annum commencing upon the start date of your employment as set forth above.

Your salary will be paid to you until the earlier of (a) the disbursement to you of your share of the fees received by this firm arising from settlement or payment of judgment entered against the defendant, or (b) 12 months after the case against GE has been dismissed at the trial court level and such dismissal affirmed on appeal. The minimum term of our engagement is 12 months even if the firm declines to serve as counsel in this matter or the potential clients decline to accept our firm as legal counsel on the GE matter.

In addition to the above base salary, you will be paid 25% of the gross fees received by this firm from all sources arising from prosecution of the GE claim, from which you will be responsible for payment to Japanese counsel, excluding fees payable to Japanese counsel engaged as experts by this firm in the GE case or who are otherwise engaged to serve as local counsel pursuant to a separate engagement letter with this firm.

## Other Matters

We understand that you have been working with a Japan-based, US-educated attorney who serves as your "alter ego" when you are not in Japan, and who is an experienced simultaneous translator, Mr. Gabe Scion. We understand that you anticipate that he will be providing valuable translation and other services, as needed. We agree with your recommendation that he be paid $7,500 per month for four (4) months commencing as of December 15, 2012, during which period we will discuss a possible longer term engagement if necessary and appropriate. It is our understanding that Mr. Scion is not and will not be providing any legal services during the four-month period for which we are providing this compensation.

010325-11 570644 V1

Van Carter
December 15, 2012
Page 3

As we discussed, we will reimburse you for business related T&E including trips to Seattle, when we request that you come to our offices. All travel, including international, is reimbursed at coach/economy rates. You may, at your option, travel Business Class but the fare difference is not reimbursed. We will also reimburse you for the applicable COBRA premium if COBRA coverage is required in order to avoid a lapse of healthcare coverage between your resignation of your current position and the effective date of healthcare coverage provided by our firm.

As noted above, you are encouraged to identify claims that are unrelated to the GE matter for consideration by our firm. In the event that we accept such engagements, your compensation will be memorialized in another letter.

You have our permission to pursue non-legal matters (*e.g.* investment banking and business investments), as long as your time is prioritized and there is no conflict of interest.

Although, as indicated above, our firm is agreeing to a minimum term for this agreement of twelve months, at your election, you may resign your position as Of Counsel by providing written notice to our firm of your resignation, in which event all of the economic benefits under this agreement will be grossed up and paid to you.

In the event of your death, disability or other event that causes you to be unavailable to assist in this matter, the economic benefits of this letter shall accrue to you or your estate.

In the unlikely event that the terms of our relationship are subject to court approval, or are otherwise contested, we will defend your right to the benefits set forth in this letter and shall not take or initiate any action to contest them.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman

Agreed and accepted by:

_/s/ VC_

010325-11 570644 V1