UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAN CARTER,

        Plaintiff,

  v.

HAGENS BERMAN SOBOL SHAPIRO, LLP and STEVE W. BERMAN,

        Defendants.

C17-436-TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motion for Judgment on the Pleadings, docket no. 37, is GRANTED in part and DENIED in part as follows:

Defendants' counterclaims for fraud in the inducement, fraudulent concealment, and unjust enrichment are barred by the applicable statute of limitations set out in RCW 4.16.080 and are dismissed with prejudice. Defendants allege they discovered the misrepresentations during a December 2012 trip to Japan. *See* Defendants' Answer, Affirmative Defenses and Counterclaim at ¶ 3.17 (docket no. 34) [hereinafter "Counterclaims"]. These counterclaims accrued when defendants discovered, or in the exercise of diligence, should have discovered the claims. *Green v. APC*, 136 Wn.2d 87, 95 (1998). Defendants' first three counterclaims accrued as of December 2012 and are therefore barred as a matter of law.

Defendants' fourth counterclaim alleges a breach of contract. In Washington, an action upon written contract, or liability, express or implied, arising out of a written agreement is governed by a six-year statute of limitations. RCW 4.16.040(1). Actions

MINUTE ORDER - 1

for breach of contract that do not expressly or impliedly arise out of a written contract are governed by a three-year statute of limitations. RCW 4.16.080(3); *Davis v. Davis Wright Tremaine LLP*, 103 Wn. App. 638 (2000). The breach of contract counterclaim arises out of the letter entitled "Confirmation of Business Advisory Services" (the "Confirmation of Business letter"), *see* Counterclaims at ¶ 3.55, and the letter entitled "Confirmation of Terms of Employment" (the "Employment letter") attached to plaintiff's Amended Complaint (docket no. 31 at 8-10), *see* Counterclaims at ¶ 3.54. The portion of the breach of contract counterclaim alleging a "duty to act in good faith and not deceive" sounds in tort, and is a claim for misrepresentation governed by the three-year statute of limitations. This portion of the breach of contract counterclaim relates to allegations arising from the Confirmation of Business letter (Counterclaims at ¶¶ 3.55, 3.56, & 3.57) and relates to services during the period December 15, 2012, through December 31, 2012. This portion of the counterclaim is barred by the three-year statute of limitations and is dismissed with prejudice.

In contrast, the second part of the breach of contract counterclaim is the allegation that "Carter breached his employment agreement in failing to leave his job with Kelly Drye and failing to perform any work for Hagens Berman as an attorney." *Id*. at ¶¶ 3.54 & 3.58. These alleged acts naturally follow from the promissory language to join Hagens Berman "Of Counsel." These allegations and the claim of liability arise out of the Employment letter and are governed by the six-year statute of limitations. RCW 4.16.040(1). As a result, the Court denies plaintiff's motion for judgment on the pleadings to dismiss the portion of the fourth counterclaim for breach of contract relating to the Employment letter.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of September, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2